IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA REDMAN, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case Nos. 06 C 6405 |
| v. | ) ) | |
| GAS CITY, LTD., | ) ) | Judge Virginia M. Kendall |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lisa Redman ("Redman" or "Plaintiff") filed this action against Gas City, Ltd. ("Gas City" or "Defendant") alleging sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*; retaliatory discharge in violation of Title VII; age discrimination in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq.* ("ADEA"); and intentional infliction of emotional distress ("IIED") in violation of Illinois law. Gas City now moves to dismiss Plaintiff's claim for IIED, which is alleged at Count IV of the Complaint. Gas City argues: (1) that Redman has failed to state a claim for IIED; and (2) that Redman's IIED claim is preempted by the Illinois Human Rights Act, 775 ILCS § 5/1-101 *et seq*. For the reasons set forth below, Defendant's motion to dismiss is denied.

**STATEMENT OF FACTS**

The following facts are taken from the allegations in Plaintiff's Complaint, which are accepted as true for the purpose of deciding Defendant's Motion to Dismiss. Redman is a 49-year-old woman who was employed by Gas City as a food service manager at its place of business in Oswego, Illinois from June 2004 until she was terminated in April 2006. While employed by Gas

City, Redman met or exceeded Gas City's expectations with respect to the performance of her job duties.

During her tenure at Gas City, Redman alleges that she was forced to endure constant, uninvited, unwelcome, shocking and lewd sexually charged comments from manager, Kevin Anderson ("Anderson"). Examples include: (1) Anderson telling Redman that he wanted to "suck that customer's dick"; (2) Anderson encouraging Redman to look at certain customers' "tight asses"; (3) Anderson advising Redman that he had performed oral sex on a man in front of a female friend in order to satisfy the friend's sexual fantasy; and (4) Anderson saying to Redman "why would anyone want to have sex with something that bleeds every month but never dies." (Cplt. at ¶ 23.) Anderson also constantly referred to Redman as the "Steamboat Bitch." *Id.*

Redman also alleges that Gas City treated its male and female employees differently. Salaried male employees were permitted to take paid time off for family emergencies but Redman's pay was docked when she took time off to care for a terminally ill relative. Redman further alleges that male employees were paid more than she was for the same or substantially similar work.

Redman also endured degrading comments from Anderson about her age. Redman alleges that Anderson routinely referred to her as "old" or "old lady." Anderson harassed Redman by "routinely laughing at, joking about and poking fun of older customers and employees, including, calling older customers 'slow' and 'stupid.'" *Id.* at ¶ 27. Redman alleges that Anderson terminated her by telling her "you're fucking fired," though Anderson did not permit the use of offensive language with younger employees. *Id.* Redman alleges that she advised Gas City of Anderson's behavior but Gas City ignored, allowed and condoned that behavior.

**STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept the allegations set forth in Plaintiffs' Amended Complaint as true and all reasonable inferences should be drawn in favor of Plaintiffs. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal of Plaintiff's Complaint is proper only if it appears beyond doubt that she can prove no set of facts that would entitle her to relief. *Lifanda v. Elmhust Dodge, Inc.*, 237 F.3d 803, 805-06 (7th Cir. 2001). A plaintiff need provide only a short and plain statement showing that he is entitled to relief; if the plaintiff pleads additional facts, however, the defense may suggest that those same facts show that the plaintiff is not entitled to the relief she seeks. *McCready v. Ebay, Inc.*, 453 F.3d 882, 886 (7th Cir. 2006).

**I.  Preemption by the IHRA.**

The IHRA gives the Illinois Human Rights Commission (the "IHRC") exclusive jurisdiction over civil rights violations. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006) (citing 775 ILCS 5/8-111(C) (stating that "except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). Both unlawful employment discrimination and sexual harassment are civil rights violations under the IHRA. 775 ILCS 5/2-102(A), (D).

Defendant contends that Redman's claim for IIED is preempted by the IHRA because she bases her claim on the same allegations that give rise to her civil rights claims and, therefore, the IIED claim is "inextricably linked" to her civil rights claims. Defendant argues that the "Seventh Circuit has routinely upheld the dismissal of pendant common law IIED claims where they arise out of or depend on the same allegations of fact as those that are asserted to support claims of alleged

3

employment discrimination or harassment." (Def. Mem. in Support of Mtn. to Dismiss at p. 2) (citing *Smith v. School Reform Bd. of Chicago*, 165 F.3d 1142, 1151 (7th Cir. 1998). But the question whether Redman's IIED claim is preempted by the IHRA does not turn on whether the facts that support the IIED claim could also support a claim for employment discrimination or harassment. *Naeem*, 444 F.3d at 604. Instead, the proper inquiry is whether Redman can prove the elements of intentional infliction of emotional distress independent of legal duties furnished by the IHRA. *Id.*

The Illinois Supreme Court has addressed IHRA preemptions on two occasions. *Id.* at 602. In *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 516-17 (Ill. 1994), the Illinois Supreme Court held that the plaintiff's claims for negligent hiring and retention were preempted by the IHRA because they "depend[ed] on the prohibitions against sexual harassment for their viability" and, as such, were "inextricably linked" to the concept of that particular civil rights violation. Later, in *Maksimovic v. Tsogalis*, 177 Ill.2d 511 (Ill. 1997), the Illinois Supreme Court held that the plaintiff's claims of assault, battery and false imprisonment were not "inextricably linked" with claims of sexual harassment because the plaintiff could establish "the necessary elements of each tort independent of any legal duties created by the Act." *Naeem*, 444 F.3d at 602 (quoting *Maksimovic*, 177 Ill.2d at 514). Therefore, "the IHRA does not preclude courts from exercising jurisdiction over all tort claims factually related to incidents of sexual harassment." *Naeem*, 444 F.3d at 602 (citing *Maksimovic*, 177 Ill.2d at 514). Instead, "if a plaintiff can allege facts sufficient to establish elements of a tort, that tort is not preempted by the IHRA." *Naeem*, 444 F.3d at 602-03 (citing *Maksimovic*, 177 Ill.2d at 518-19) ("We conclude that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA]"); *accord Krocka v. City of Chicago*, 203 F.3d

4

507, 516-17 (7th Cir. 2000) ("where a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA. That is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it.").

In this case, as explained below, the Court finds that Plaintiff has alleged facts sufficient to establish the elements of a claim for intentional infliction of emotional distress. The duty not to intentionally and knowingly inflict severe emotional distress derives from common law, not statutory law. Accordingly, Redman's IIED claim is not preempted by the IHRA.

## II.  Failure to State a Claim.

Defendant also argues that Plaintiff's IIED claim should be dismissed because it fails to allege facts sufficient to establish the elements of a claim for intentional infliction of emotional distress under Illinois law. In order to state a cause of action for IIED under Illinois law, a plaintiff must allege: (1) that the defendant's conduct was truly extreme and outrageous; (2) that the defendant either intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) that the defendant's conduct did in fact cause severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 270 (Ill. 2003) (citing *McGrath v. Gahey*, 126 Ill.2d 78, 87 (Ill. 1988)). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. [Accordingly,] the tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *McGrath*, 126 Ill.2d at 86 (citing Restatement (Second) of Torts § 46 (1965)).

5

The Seventh Circuit has noted that the circumstances surrounding a typical employment dispute usually do not rise to the level of extreme and outrageous conduct. *Oates v. Discovery Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997). However, the Illinois Supreme Court has noted that "cases in which intentional infliction of emotional distress has been sufficiently alleged have in fact very frequently involved a defendant who stood in a position of power or authority relative to the plaintiff." *McGrath*, 126 Ill.2d at 87 (citing *Milton v. Illinois Bell Telephone Co.*, 101 Ill. App. 3d 75, 79 (Ill. App. Ct. 1981) (addressing employee's claim against employer)). "Illinois courts have held that sexual harassment by an employer can qualify as extreme and outrageous conduct for purposes of establishing an IIED claim." *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 961 (N.D. Ill. 2002) (citing *Pavilon v. Kaferly*, 204 Ill. App. 3d 235 (Ill. App. Ct. 1990)).

Redman's allegations suffice to state a claim for IIED in a notice pleading regime. She alleges that she endured nearly two years' worth of lewd sexually charged comments from her manager, Anderson, who also constantly referred to Redman as the "Steamboat Bitch." In addition, Redman alleges that Anderson also insulted her with degrading comments related to her age. Anderson routinely referred to Redman as "old" or "old lady" and routinely made jokes at the expense of older customers and employees, including noting that older customers were "slow" or "stupid." Redman alleges that she reported this behavior to Gas City, but Gas City ignored, allowed and condoned the behavior. These allegations amount to more than mere insults, annoyances or trivialities.

Illinois courts have denied motions to dismiss IIED claims based upon allegations similar to Redman's. In *Arnold*, the plaintiff alleged that she was "subjected to a repeated pattern of sexual harassment for almost six years, including inappropriate comments, gestures and conduct by male

6

supervisors." 215 F. Supp. 2d at 961. The court found that even though the complaint lacked specificity with respect to particular incidents, "it is entirely possible that Arnold will be able to adduce facts consistent with these allegations that would arouse resentment against defendants among an average member of the community." *Id.* Similarly, in *Adan v. Solo Cup, Inc.*, No. 01 C 3966, 2001 U.S. Dist. LEXIS 12726, *2 (N.D. Ill. Aug. 17, 2001), the plaintiff alleged that she was "repeatedly and continuously subjected . . . to unwelcome sexual advances [and to] unwelcome comments containing sexual innuendos [and to] repeated requests and propositions for sexual behavior." The court denied defendants motion to dismiss Adan's IIED claim, holding that the defendants had "fail[ed] to establish that Adan would be unable to prove sufficient facts to support her [IIED] claim. The sexual innuendos, comments, and advances could have been so egregious that they exceeded bounds of decency. At the very least, Adan's allegations of unwelcome sexual comments and requests are more than mere insults or annoyances." *Id.* at *12 (internal citations omitted).

The cases Gas City cites in support of its contrary position – that the alleged conduct fails to state a claim for IIED because it amounts to nothing more than mere insults, indignities, threats, annoyances, petty oppressions or trivialities – are not convincing. Gas City relies on *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702-03 (7th Cir. 1993), in which the Seventh Circuit affirmed the district court's finding that the plaintiff's allegations, including that: (1) she was not allowed to supervise white subordinates; (2) she was wrongly reprimanded; (3) an account was taken away from her; (4) she was given inferior sales territories; and (5) she was excluded from office activities, did not state a claim for IIED. Gas City also points to *Chisolm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1286 (N.D. Ill. 1996), wherein the court found that the plaintiff had failed to state a claim for

7

IIED based upon allegations that she was subjected to derogatory comments and that she was retaliated against for complaining about acts of gender discrimination.[1]

The Court finds that Redman's allegations more closely resemble the allegations in *Arnold* and *Adan* than those in *Harriston* and *Chisolm*. Gas City has not demonstrated that Redman will be unable to prove facts sufficient to support her claim for intentional infliction of emotional distress. Anderson's conduct could well have been so extreme and outrageous that no reasonable person could be expected to endure it. Accordingly, Redman has alleged facts sufficient to support her claim for intentional infliction of emotional distress.

## CONCLUSION

For the reasons stated herein, Gas City's motion to dismiss Count IV of the complaint is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: March 21, 2007

---

[1] Gas City also cites to *Quantock v. Shared Mktg Srvcs., Inc.,* 312 F.3d 899 (7th Cir. 2002) and *Argyropoulos v. City of Alton*, No. 03-810-DRH, 2006 U.S. Dist. LEXIS 70579 (S.D. Ill. Sept. 28, 2006). However, both *Quantock* and *Argyropoulos* were decided at the summary judgment stage, not at the motion to dismiss stage. In *Quantock*, the Seventh Circuit affirmed the granting of summary judgment in defendant's favor on preemption grounds, because the plaintiff's IIED claim was supported by "factual allegations identical to those set forth in her Title VII sexual harassment claim." 312 F.3d at 904. This Court is mindful that "[t]he distinction between claims that are preempted and claims that are not preempted turns on the *legal duty* that the defendant allegedly breached" and not upon whether the facts pleaded would also allege a civil rights violation. *Naeem*, 444 F.3d at 604 (emphasis added). In *Argyropoulos*, the court granted summary judgment to the defendant on an IIED claim because the evidence did not prove any conduct extreme or outrageous enough to constitute intentional infliction of emotional distress. The Court is not called upon to examine any evidence in deciding this motion. At this stage, the Court can only grant Defendant's motion if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief.

8